IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JULIA LONGORIA, as Independent Administrator of the Estate of LUCY EURESTE, | §§§§ | |
| Third-Party Plaintiff, | §§ | |
| V. | §§ | 1-12-CV-849  ML |
| JIMMY V. DELGADO, | §§§ | |
| Third-Party Defendant. | § | |

**OPINION AND ORDER**

Before the Court are Julia Longoria's Motion for Summary Judgment on Jimmy V. Delgado's Counterclaim and Longoria's Declaratory Judgment Action, filed June 4, 2013 (Clerk's Dkt. #32); Third-Party Defendant's Memorandum in Response to Third-Party Plaintiff's Motion for Summary Judgment on Jimmy V. Delgado's Counterclaim and Longoria's Declaratory Judgment Action, filed June 28, 2013 (Clerk's Dkt. #37); and Julia Longoria's Motion for Summary Judgment  Reply and Motion to Release Funds, filed July 2, 2013 (Clerk's Dkt. #38).   After reviewing the parties' pleadings, relevant case law, as well as the entire case file, the undersigned issues the following opinion and order.

## I.  BACKGROUND

This action was originally brought by Primerica Life Insurance Company ("Primerica") against Julia Longoria, as Independent Administrator of the Estate of Lucy Eureste ("Longoria"), and Jimmy V. Delgado ("Delgado") and others seeking a declaration of the rights to the proceeds of a life insurance policy.  Primerica has since deposited the funds into the registry of the Court and been dismissed as a party.  The remaining dispute is between Longoria as Third-Party Plaintiff and Delgado as Third-Party Defendant.

Longoria retained Delgado as counsel to represent her regarding the estate of her mother

Lucy Eureste.  Specifically at issue in the estate were the proceeds of a life insurance policy issued by Primerica naming as beneficiaries Lucy Eureste and Ramiro Espinoza.  Primerica declined to pay the proceeds of the policy due to difficulty determining whether Ramiro Espinoza had passed away leaving Lucy Eureste as the sole beneficiary.  Longoria executed a contract retaining Delgado and granting Delgado a contingent fee interest in the proceeds of the life insurance policy.

By way of her third-party complaint, Longoria asserts a cause of action seeking a declaratory judgment that Delgado is not entitled to any interest in the proceeds of the Primerica Policy.  She further asserts claims for breach of contract, breach of fiduciary duty and deceptive trade practices.  Delgado has filed a counterclaim, asserting Longoria has acted negligently in bringing suit and that he is entitled to a portion of the proceeds of the Primerica Policy.  Longoria has now filed a motion for summary judgment and motion to release funds seeking disbursement of the proceeds of the Primerica Policy to her.  The parties have filed responsive pleadings, and the motions are now ripe for determination.

## II.  MOTION FOR SUMMARY JUDGMENT

Longoria has moved for summary judgment on her claim for a declaratory judgment that Delgado has no interest in the proceeds of the Primerica Policy.  She has also moved for summary judgment on Delgado's counterclaim asserting he is entitled to a portion of the proceeds of the Primerica policy and has been wrongly sued.

**A.**     **Standard of Review**

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254,106 S. Ct. 2505, 2513 (1986).

2

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87, 106 S. Ct. 1348, 1355-56 (1986); *Wise v. E.I. Dupont de Nemours & Co.,* 58 F.3d 193, 195 (5th Cir. 1995). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Estate of Smith v. United States,* 391 F.3d 621, 625 (5th Cir. 2004).

The Court will view the summary judgment evidence in the light most favorable to the non-movant. *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 221 (5th Cir. 2011). The non-movant must respond to the motion by setting forth particular facts indicating that there is a genuine issue for trial. *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000). "After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Id*.

**B.      Summary Judgment Evidence**

On August 12, 2009 Primerica issued a life insurance policy ("Primerica Policy") to Ezequiel Espinoza. The Primerica Policy named Lucy Eureste, his wife, and Ramiro Espinoza, his brother, as beneficiaries. (Clerk's Dkt. #26 ("Primerica Stip.") ¶¶ 2-3). Ezequiel Espinoza died on January 11, 2010. (*Id*. ¶ 4). Lucy Eureste died shortly thereafter and her interest in the Primerica Policy passed to her estate. Longoria, her daughter, was named as the Independent Administrator of Lucy Eureste's estate. (*Id*. ¶ 6).

Longoria spoke with Delgado regarding difficulty in obtaining life insurance proceeds owed Lucy Eureste's estate. She told Delgado she suspected Ramiro Espinoza had passed away, but

Primerica was refusing to pay the policy proceeds without proof.  (Resp. to Summ. Jt. Aff. of Arnold ("Arnold Aff.") at 1).   On September 10, 2010 Longoria and her brother, Dominick Eureste, executed an agreement with Delgado ("the Agreement"), retaining him as legal counsel.  The agreement states Delgado would be representing them "in connection with . . . Establishing the Estate of Ms. Lucy Eureste, deceased." (Mot. for Summ. Jt. Ex. 1 Ex. A at 1).  The Agreement further provides that Delgado would be paid a one third contingency fee of any "settlement or verdict." (*Id*. at 2).  Delgado's license to practice law was suspended by the State Bar of Texas, effective February 20, 2011. (*Id*. Ex. 2).

Primerica eventually confirmed that Ramiro Espinoza died on September 30, 2006. (Primerica Stip. ¶ 6).  As a result, the estate of Lucy Eureste is entitled to the entirety of the proceeds of the Primerica Policy.  (*Id*. ¶ 8).  However, because Ezequiel Espinoza died during the contestable period of the Primerica Policy, Primerica began an investigation to determine whether the Policy Proceeds are payable, but had difficulty obtaining necessary medical records.  (*Id*. ¶ 7).

Primerica filed this action for declaratory judgment on September 13, 2012.  On April 15, 2013 Primerica paid the proceeds of the Primerica Policy into the registry of the Court.  According to Primerica, it was able to subpoena the medical records of Ezequiel Espinoza during this litigation and determined the policy proceeds were payable. (*Id*.).  On May 17, 2013, the Court signed an order dismissing Primerica from this action.

## C.    Proper Parties

As an initial matter, Delgado raises two procedural attacks on Longoria's motion for summary judgment.[1]  He first contends summary judgment is not proper because the proper and necessary parties are not joined in this case.  Specifically, Delgado points out Longoria is named

---

[1] The undersigned notes, in his original pleading, Delgado challenged this Court's jurisdiction and the propriety of venue. (Def. Orig. Ans. at 2-4).  Longoria addressed the issues in her motion for summary judgment, filed June 4, 2013.  Delgado filed an amended answer on June 28, 2013 in which he raises neither challenge.  (Def. 1st Am. Orig. Ans.).  Accordingly, the undersigned concludes the issues of jurisdiction and venue need not be addressed.

in this suit in her capacity as the administrator of the estate of Lucy Eureste.  He further points out Longoria, in that capacity, was not a party to the Agreement.  Delgado thus maintains Longoria, as named in this suit, is not the proper party to litigate his claim on the proceeds of the Primerica Policy.

Delgado's argument miscasts the nature of Longoria's claim for a declaratory judgment. That claim seeks a declaration that Delgado does not have a claim to the proceeds of the Primerica Policy.  Longoria, however, is not herself named as a beneficiary under the Primerica Policy. Rather, Lucy Eureste is named.  As Lucy Eureste died before the proceeds of the Primerica Policy were paid, her estate became the beneficiary.

Generally, an action must be prosecuted in the name of the real party in interest. Fed. R. Civ. P. 17(a)(1).  However, an administrator may sue in his or her own name, rather than joining the estate as a party.  *Id*.  As this action was originally brought by Primerica to determine the validity of claims to the proceeds of the Primerica Policy, Longoria, as administrator of the estate of named beneficiary Lucy Eureste, was properly named as the party in interest by Primerica.  In turn, Longoria as administrator is the proper party to determine the claims of another to those proceeds.  *See Spring v. Beverly Enters. Miss., Inc.*, 208 F.3d 1007 (5th Cir. 2000) (table) (administrator of estate of plaintiff who died prior to trial is proper party under Rule 17(a)); *In re Davis*, 194 F.3d 570, 578 (5th Cir. 1999) (Rule 17(a) authorizes administrator to bring suit as real party in interest on behalf of decedent's estate).

**D.    Abstention**

Delgado also contends Longoria's claim seeking a declaratory judgment is essentially a state law claim which should be adjudicated in the case between the parties which is currently pending in Texas state court.  Although somewhat unclear, it appears Delgado contends this court should abstain from exercising jurisdiction or stay this action under the doctrine announced by the

Supreme Court in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 62 S. Ct. 1173 (1942) known as *Brillhart* abstention.[2]

The undersigned notes, as a general rule, federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given them. *Bank One, N.A. v. Boyd*, 288 F.3d 181, 184 (5th Cir. 2002) (abstention is the exception, not the rule). However, a federal court may stay or dismiss a case in favor of a concurrent state court proceeding in "extraordinary and narrow" circumstances. *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 (5th Cir. 1999). *Brillhart* abstention is applicable to declaratory judgment actions. *New England Ins. Co. v. Barnett*, 561 F.3d 392, 394 (5th Cir. 2009); *Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 950 (5th Cir. 1994). However, it is not applicable where parties are seeking other forms of relief. *See Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 649 (5th Cir. 2000) ("When a party seeks both injunctive and declaratory relief, the appropriateness of abstention must be assessed according to the doctrine of *Colorado River*")[3]; *Southwind Aviation*, 23 F.3d at 951 (when action involves coercive relief court applies the standards of *Colorado River*, which requires abstention only in "exceptional' case").

Although Longoria has moved for summary judgment only as to her claim for declaratory relief, as set forth above, she is also asserting claims for monetary damages for breach of contract, breach of fiduciary duty and for deceptive trade practices. Accordingly, abstention under *Brillhart*

---

[2] Delgado does not mention *Brillhart*, but rather cites a Ninth Circuit case which addressed the application of the *Brillhart* abstention doctrine. *See Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1370-71 (9th Cir. 1991) (when state court action is pending presenting same issue of state law as is presented in federal declaratory suit, presumption exists that entire suit should be heard in state court). It is worth noting the decision in *Robsac* was later overturned. *See Gov't Emp. Ins. Co. v. Dizol*, 133 F.3d 1220, 1224 (9th Cir. 1998) (when district court has constitutional and statutory jurisdiction to hear a case brought pursuant to Declaratory Judgment Act, district court may entertain action without sua sponte addressing whether jurisdiction should be declined).

[3] The *Colorado River* doctrine is based on the Supreme Court decision in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S. Ct. 1236 (1976). *Colorado River* abstention is appropriate only in exceptional circumstances when a federal and state suit are parallel, have the same parties and the same issues. *Am. Family Life Assur. Co. v. Biles*, 714 F.3d 887, 892 (5th Cir. 2013). Delgado does not even suggest the requisite exceptional circumstances are present in this case so as to invoke the *Colorado River* doctrine.

is not appropriate here.  *See New England Ins.*, 561 F.3d at 396 ("it is well settled in this circuit that

a declaratory action that also seeks coercive relief is analyzed under the *Colorado River* standard");

*Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 539 (5th Cir. 2002) (inclusion of claim

for monetary damages removed suit "from the realm of a declaratory judgment action" for purposes

of *Brillhart* standard).

## E.    Merits

Longoria maintains she is entitled to summary judgment on her declaratory judgment claim

and Delgado's counterclaim on a single basis.  Specifically, Longoria argues any claim Delgado

may have had as a result of the Agreement is invalid due to his disbarment.

To support this contention, Longoria relies on the precedent of *Royden v. Ardoin*, 160 Tex.

338, 331 S.W.2d 206 (1960).  The facts in *Royden* are strikingly similar to those in this case.

Ardoin, an attorney, entered into a contingent fee contract.  His fee was to be paid as a portion of

the recovery of the estate of his client's deceased son.  Ardoin's license to practice was thereafter

suspended.  Ardoin sued in quantum meruit for services rendered.  The Texas Supreme Court

held:

> Where the attorney, prior to the completion of his contingent fee contract is
> disbarred or suspended, he is not entitled to collect either on the contract or
> quantum meruit for the services, if any, that have been rendered. His disbarment
> or suspension is considered tantamount to and to have the same effect as a
> voluntary abandonment, for the attorney by knowingly and willfully practicing such
> a course of conduct that would lead to the termination of his right to practice,
> renders it impossible to complete the work that he engaged to perform.

*Royden*, 160 Tex. at 342, 331 S.W.2d at 209.

As Delgado points out, and Longoria concedes, the rule announced in *Royden* has been

refined to make clear that voluntary abandonment only applies to those situations in which the

attorney has not completed the legal services prior to disbarment.  *Lee v. Cherry*, 812 S.W.2d 361

(Tex. App.-Houston [14th Dist.] 1991, writ denied) (attorney who had performed all duties required

7

prior to surrendering law license not barred from recovery under contingent fee agreement). Delgado contends he had completed the legal services contemplated in the Agreement prior to his disbarment and thus he is entitled to his contingent fee.

Longoria, in turn maintains Delgado had not completed his legal duties because he refused to probate the estate and she was forced to hire another attorney to do so.  (Mot. for Summ. Jt. Ex. 1).  Delgado contends he had assured Longoria from the outset, and before execution of their agreement, that he was not a probate lawyer and would not handle any probate matters.  Rather, he presented himself as a certified Counselor for the Mexican Secretary of Foreign Relations, and thus able to obtain documentation regarding the death of Ramiro Espinoza which would establish the estate of Lucy Eureste as the sole beneficiary of the Primerica Policy.  (Arnold Aff. at 1-2).

The Agreement does not contain a precise definition of the duties Delgado was promising to perform.  Rather, as set forth above, it states Delgado's representation was "in connection with . . . Establishing the Estate of Ms. Lucy Eureste."  According to Delgado, determining the location of Ramiro Espinoza, his "status," and documenting his status and the heirship investigation in the United States equates to "establishing the estate of Lucy Eureste" and thus he satisfied his contractual obligations.   Longoria insists "establishing the estate" means submitting the matter to probate, which in this case was done by an attorney other than Delgado and did not occur until November 2011.

Whether a contract is ambiguous is a question of law for the court to decide by looking at the contract as a whole in light of the circumstances present when the contract was entered. *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc*., 334 F.3d 423, 428 (5th Cir. 2003); *Coker v. Coker*, 650 S.W.2d 391, 394 (Tex. 1983).  If the language of the contract is subject to two or more reasonable interpretations or meanings, it is ambiguous. *Gonzalez v. Denning*, 394 F.3d 388, 392 (5th Cir. 2004).  Under Texas law, a contract may be construed against its drafter after application of ordinary rules of construction leave reasonable doubt as to its interpretation.

*High v. E-Systems Inc.*, 459 F.3d 573, 578-79 (5th Cir. 2006); *Forest Oil Corp. v. Strata Energy, Inc.*, 929 F.2d 1039, 1043–44 (5th Cir. 1991).

Longoria and Delgado have differing interpretations of the meaning of the phrase "establishing the estate," suggesting the Agreement is ambiguous.  Delgado contends there is thus a genuine dispute of material fact which prevents a grant of summary judgment on Longoria's claim for a declaratory judgment.

The undersigned agrees there appears to be a dispute as to whether Delgado agreed to submit the estate of Lucy Eureste to probate.  However, that dispute need not be resolved.  As set forth above, the Agreement specifies Delgado's fee as a percentage of "any settlement or verdict." Delgado's own summary judgment evidence establishes the main concern of Longoria was obtaining the proceeds of the Primerica Policy.  Specifically, according to the affidavit of Delgado's former employee, Delgado agreed his fee would be a percentage of those proceeds.  (Arnold Aff. at 2).  As evidenced by the fact that Primerica filed this lawsuit on September 13, 2012 to determine the proper recipient of those proceeds, the "settlement or verdict" of the matter contemplated in the Agreement had clearly not occurred prior to Delgado's disbarment. Accordingly, as Delgado had not completed the legal services he had contracted to provide prior to his disbarment, he is not entitled to collect the fee contemplated in the Agreement.  Longoria is thus entitled to summary judgment on her claim for a declaratory judgment and on Delgado's counterclaim.

## F.    Remaining Issues

As noted above, Longoria moved for summary judgment only on her claim for a declaratory judgment and Delgado's counterclaim.  However, in her motion she ask the court to enter a final summary judgment in her favor.  Longoria also suggests in her reply that her remaining claims could be dismissed.  She has not, however, formalized that request in any written pleadings.  As

a result, the undersigned is left uncertain as to Longoria's intentions regarding her remaining claims.  The court finds a written pleading addressing those issues would be beneficial.

### III.  MOTION TO RELEASE FUNDS

Longoria has also filed a motion seeking release of the funds paid into the registry of the court by Primerica representing the proceeds of the Primerica Policy.  As the court has concluded Longoria is entitled to those proceeds, the motion should be granted.  An order releasing those funds will be entered separately.

### IV.  CONCLUSION

IT IS ORDERED that Julia Longoria's Motion for Summary Judgment on Jimmy V. Delgado's Counterclaim and Longoria's Declaratory Judgment Action (Clerk's Dkt. #32) and Julia Longoria's Motion to Release Funds (Clerk's Dkt. #38) are hereby **GRANTED**.  IT IS FURTHER ORDERED that Julia Longoria shall file a written pleading **on or before August 21, 2013** notifying the Court whether she intends to proceed with her remaining claims.

**SIGNED** on August 9, 2013.


_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE
Presiding under 28 U.S.C. § 636(c)

10